UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Nathaniel Darrell Taylor,** | ) | **CASE NO. 1:25 CV 2508** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Judge Sheila Turner-McCall,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Nathaniel Darrell Taylor filed this civil rights action against Cleveland Municipal Court Judge Sheila Turner-McCall, Prosecutor Isaiah Pinckney, III, Officer Matthew France #1924, Officer Lombardo #9333, Prosecutor Aimee Fanter, City of Cleveland, Cleveland Municipal Court, Cuyahoga County, the State of Ohio, and the Cleveland Police Department. The Complaint is difficult to decipher. It contains no factual allegations and Plaintiff's legal claims are stated only as violations of 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 241, 242, 4, with no mention of any particular constitutional rights he believes to have been violated by the Defendants. Plaintiff seeks injunctive and monetary relief.

**BACKGROUND**

Plaintiff attaches numerous documents which suggest he relinquished his driver's license and all other state and federal identification materials on the erroneous belief that it would

exempt him from complying with federal, state, or local laws and ordinances. He drafted a document he titles as an "Affidavit of Jurisdictional Challenge, Status Declaration, and Emergency Demand for Dismissal for Want of Jurisdiction" in which he claims he is not a "'person' as defined by any corporate statute" but instead is a "living breathing man." He states he does "not consent to being subjected to artificial constructs, agencies, policies or statutes created without [his] knowing, willing, and deliberate consent." (Doc. No. 1-9 at PageID #: 32). He states that "All instruments presumed to bind [him] - including State ID, Driver's License, Social Security Applications and contracts issued by coercion, fraud, or non-disclosure - have been formally rescinded, revoked, and returned." (Doc. No. 1-9 at PageID #: 32). He claims that his "lawful identity and status have been authenticated through the Secretary of State of Ohio, including my original Certificate of Live Birth, bearing the red number, which now stands as sovereign proof of identity... ." (Doc. No. 1-9 at PageID #: 32).

Plaintiff received a traffic citation in the City of Cleveland in October 2024 for driving on a suspended or revoked license. He states that Cleveland Municipal Court Judge Sheila Turner-McCall "threaten[ed] to incarcerate [him] unless [he] submit[ted] to commercial identification and enter into forced contract." (Doc. No. 1-9 at PageID #: 32). The case was set for trial in November 2025. Plaintiff does not indicate the outcome of that proceeding. He indicates he filed a UCC-1 financing statement which he claims establishes a commercial lien in the amount of $77,000,000.00 against each of the Defendants. (Doc. No. 1-12 at PageID #: 71). He asks this Court to issue a temporary restraining order but does not specify from what he

would like the Defendants restrained. He also indicates that he would like "emergency protective designation and immunity from local detainment." (Doc. No. 1 at PageID #:2).

In addition to the relief requested in his Complaint, Plaintiff filed two Motions for Temporary Restraining Orders (Doc. Nos. 3, 7). The Court previously denied his first Motion for Temporary Restraining Order. Therein, Plaintiff asked the Court to restrain the traffic court from conducting the trial, and grant him unlimited protected status so that law enforcement could never engage him, stop him, or detain him for any reason. (Doc. No. 3). His second Motion focuses on events that transpired after he filed this action and which appear to be wholly unrelated to any of the events in the Complaint. There is no indication that any of the Defendants was involved in the events described in this second Motion. Accordingly, Plaintiff's second Motion for Temporary Restraining Order (Doc. No. 7) is denied.

**STANDARD OF REVIEW**

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks

subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

**DISCUSSION**

As an initial matter, Plaintiff did not allege any facts in his Complaint and did not include any specific legal claims. The Court can get a general idea of what may have prompted the filing of this Complaint from the exhibits Plaintiff attached to his pleading. However, neither the Court nor the Defendants are obligated to search through the Complaint and its numerous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiff's responsibility to edit and organize his claims and supporting allegations into a manageable format. *Laster v. Pramstaller*, No. 08–CV–10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr.*, 9 Fed. App'x. 967, 968 (10th Cir. 2001) (quotation marks omitted)). To meet minimum pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint, as written, does not meet these basic pleading requirements.

Furthermore, the Complaint lacks an arguable basis in law and is totally frivolous and devoid of merit. Plaintiff claims in an "Affidavit of Status, Identity, and Non-Consent" that he is not "an entity, franchise, U.S. citizen, resident alien, artificial construct, trust or vessel subject to statutory obligations or administrative jurisdiction of the State of Ohio or the corporate United States." (Doc. No. 1-9 at PageID #: 29). He also states that he does "not consent to

-4-

being subjected to artificial constructs, agencies, policies or statutes created without [his] knowing, willing, and deliberate consent." (Doc. No. 1-9 at PageID #: 32). It appears that Plaintiff believes that by making these statements and renouncing his driver's license, he can exempt himself from complying with any federal, state, or local laws and ordinances, including those laws that require a valid driver's license to operate a motor vehicle.

While Plaintiff does not specifically identify himself as a sovereign citizen in his filings, his arguments bear the hallmark of sovereign citizen ideology. Federal courts, including the United States Sixth Circuit Court of Appeals, have routinely dismissed these sovereign citizen arguments as frivolous and a waste of court resources. *See Dunn v. Post*, No. 21-1412, 2022 WL 1297586, at *2 (6th Cir. Jan. 27, 2022)(rejecting sovereign citizen arguments and stating that there is no constitutional right to drive without a valid state-issued driver's license); *United States v. Warfield*, 404 F. App'x 994, 996 (6th Cir. 2011)(no constitutional right to drive without a valid state-issued driver's license); *Joyce-Simpson v. AT&T Mobility*, No. 1:23 CV 1216, 2023 WL 8248061, at *3 (W.D. Tenn. Nov. 7, 2023)(rejecting sovereign citizen arguments as frivolous); *Burnett v. Michigan*, No. 1:24-CV-55, 2024 WL 3721741, at *6-7 (W.D. Mich. June 18, 2024)("[The] complaint is based upon the meritless rhetoric espoused by sovereign citizens. This Court has no jurisdiction for fictitious claims which are not based in law, but based in the fantasies of the sovereign citizen movement."). Plaintiff's rhetoric fails to establish a viable legal claim with an arguable basis in law, and is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" *Apple*, 183 F.3d at 479. This action must be dismissed.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
_____
PATRICIA A. GAUGHAN
United States District Court Judge